IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORTEZ HASELRIG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-662 |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | Magistrate Judge Maureen P. Kelly |
| JOSEPH LAURICIA, *PSP Vice*; | ) | |
| JOHN DOE 1, *PSP Trooper*; | ) | |
| JOHN DOE 2, *PSP Trooper*; | ) | Re: ECF No. 1-1 |
| JOHN DOE 3, *PSP Trooper*; *and* | ) | |
| PENNSYLVANIA STATE POLICE, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 1-1, be dismissed for failure to prosecute.

### II. REPORT

Plaintiff Cortez Haselrig ("Plaintiff") is currently a prisoner in the custody of the Pennsylvania Department of Corrections at the State Correctional Institution at Forest ("SCI-Forest") in Marienville, Pennsylvania. On May 6, 2024, Plaintiff submitted a Motion for Leave to Proceed *in forma pauperis* along with a Complaint against Joseph Lauricia and the Pennsylvania State Police, along with 3 other troopers who could not be identified. ECF No. 1.

On May 13, 2024, the Court entered a Deficiency Order directing the Plaintiff to provide a certified copy of his trust fund account statement, service copies of the complaint for each defendant, and forms for effecting service. ECF No. 3. Blank copies of the service forms were mailed to Plaintiff's address of record with the Deficiency Order.

1

Plaintiff failed to comply with the Court's deficiency Order and, on September 17, 2024, the Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF No. 5. That same day, the Court entered a Standing Practice Order for *Pro Se* Civil Rights Cases which, in part, notified the Plaintiff of his continuing obligation to update the Court with any change of address, and to comply with all Court orders as directed. ECF No. 4.

On October 1, 2024, Plaintiff responded to the Court's Order to Show Cause asking for instructions on how to complete the USM-285 forms and for more time to discover the identities of the John Does named as defendants in the case. ECF No. 6. On November 27, 2024, the Court granted Plaintiff an extension, giving him until December 9, 2024, to respond to the Deficiency Order. ECF No. 7. Plaintiff was instructed to provide the information requested in the individual fields of the forms, and informed that he need not provide information for the Doe Defendants at this time if he did not know their identifies. Plaintiff responded to the Court's grant of an extension with another request for help filling out the requisite forms for this civil suit. ECF No. 8. Plaintiff also brought to the Court's attention that he was to be transferred to state prison but was unaware which facility he would be transferred to. Id.

To date, the Plaintiff has failed to respond to the Order to Show Cause, ECF No. 5, nor has he cured the filing deficiencies in the Deficiency Order, ECF No. 3. Additionally, plaintiff has failed to update his mailing address with the Court.

The United States Court of Appeals for the Third Circuit has identified a six-factor balancing test to guide a court in determining whether a case should be dismissed for failure to prosecute. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of

dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all six factors need to support dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. See Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868).

"Dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." Hildebrand, 923 F.3d at 132 (quoting Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976), and Poulis, 747 F.2d at 867, 869). A close case should "be resolved in favor of reaching a decision on the merits." Id. (citing Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, "[d]ismissal is a sanction rightfully in the district courts' toolbox," and the Third Circuit "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." Id. (citing Poulis, 747 F.2d at 867 n.1).

The first Poulis factor requires the Court to consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. See Adams, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Because Plaintiff is proceeding *pro se*, he is solely responsible for his own conduct, including his failure to respond to orders from the Court. See, e.g., Colon v. Karnes, No. 1:11-cv-1704, 2012 WL 383666, at *3

(M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). This factor weighs heavily in favor of dismissal.

The second Poulis factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," Adams, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). At this stage of the litigation, there is a lack of explicit evidence of prejudice because the adverse parties have not yet been served due to Plaintiff's failure to comply with the Deficiency Order from the Court. ECF No. 3.

The third factor, "history of dilatoriness," also weighs against Plaintiff. Per his request, Plaintiff was granted an extension of time to respond to the Deficiency Order, ECF No. 3, but has failed to fully respond within the extended time frame. ECF No. 7. Plaintiff has failed to provide service copies of the complaint, or submitted any attempts at completed service forms. Thus, Plaintiff has engaged in dilatory conduct that serves to unnecessarily delay resolution of this matter. This conclusion is strengthened by the fact that the public record indicates that Plaintiff has been transferred to the custody of the Pennsylvania Department of Corrections, but Plaintiff has not seen fit to inform this Court of his change of address.[1]

As for the fourth Poulis factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. In this case, there is nothing on the docket to suggest that Plaintiff is unable to respond to Court orders or – to the extent that he lost them when he was transferred to state

---

[1] The Pennsylvania Inmate Locator website indicates that Plaintiff no longer is held at his address of record, but now is incarcerated at SCI Forest. See https://inmatelocator.cor.pa.gov/ (last visited Apr. 2, 2025).

custody, requesting new copies of service forms. Thus, his failure to comply with the Court's orders appears willful.

The fifth factor addresses the effectiveness of sanctions other than dismissal. Poulis, 747 F.2d at 869. It is well-established that monetary sanctions are ineffective where the Plaintiff is indigent. See, e.g., Brennan v. Clouse, No. 11-0146, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002)). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 869-70. At this early stage in the case, it is unclear whether Plaintiff's claims are meritorious.  This, this factor is neutral.

On balance, the Court concludes that at least four of the six Poulis factors support dismissal, with the remaining factors (prejudice against adverse parties and the merits of Plaintiff's claims) not weighed against nor in favor of dismissal. Nevertheless, "[n]ot all these factors need to be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). While the Court is mindful of the strong policy for deciding cases on the merits, such a resolution is impossible when the plaintiff declines to participate in his own lawsuit. Consequently, the Court concludes that on the record presented here, the sanction of dismissal is supported by the Poulis factors.

### III.  CONCLUSION

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice due to Plaintiff's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.D.2 of the Local Rules of Court, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: April 2, 2025                                              Respectfully submitted,

*/s/Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Nora Barry Fischer
      United States District Judge

      Cortez Haselrig
      QQ8052
      SCI Forest
      P.O. Box 307
      286 Woodland Drive
      Marienville, PA  16239


      Cortez Haselrig
      1744-2022
      Westmoreland County Prison
      3000 S. Grande Blvd.
      Greensburg, PA 15601